# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re:  Kia L. Ragland<br>        a/k/a Kia L. Birch,<br>            Debtor(s) | : <br> : <br> : | Chapter 13 |
| Anthony Birch,<br>            Movant,<br>        v.<br>Kia L. Ragland,<br>a/k/a Kia L. Birch,<br>            Debtor,<br>        and<br>William C. Miller,<br>Chapter 13 Standing Trustee,<br>            Trustee. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Bankr. #20-14312/AMC<br><br>11 U.S.C. § 362<br><br>**Hearing Date:  April 14, 2021, 11 A.M.** |

## AMENDED ORDER

**AND NOW**, this _____ day of _____, 2021, at Philadelphia, upon hearing of the motion and response thereto in the within matter, it is hereby:

**ORDERED** that the Motion of Anthony Birch for Relief from the Automatic Stay for the limited purpose of completing Equitable Distribution Master's Hearing and dissolution of the marriage of Anthony Birch and Kia L. Ragland, a/k/a Kia L. Birch is **GRANTED** in its entirety and the Parties shall be permitted to resume the Master's Hearing for the determination of Equitable Distribution in the Complaint in Divorce pending in the Court of Common Pleas, Philadelphia County, Family Division, March Term 2019, No. 8426 and subsequent dissolution of the marriage of the Parties; and,

**IT IS FURTHER ORDERED:**

1. Any settlement between the Parties shall be non-dischargeable pursuant to 11 U.S.C. §§ 1328, 523(c); and Fed. R. Bankr. P. 4007(c), and cannot be eliminated by the instant bankruptcy filing, re-filing, or conversion to any other chapter of Bankruptcy, including, but not limited to Chapter 7, 11, or 12;

2. Within five (5) days of the final Equitable Distribution Agreement, Debtor is ordered to amend the most recent Chapter 13 Plan and Schedule A/B to reflect any excess equity as a result thereof, whether pre- or post-confirmation;

3. That the language of this Order granting relief from the automatic stay shall not be construed presumptively against any of the parties;

4. Entry of this Order shall not constitute an admission of any of the allegations against either of the Parties, and shall not be considered as an admission of liability, wrongdoing or any improper action; and

5. Any violation of the covenants of this Order by either party shall cause that party to bear the legal fees and costs of litigating any such violation.

BY THE COURT:

ASHELY M. CHAN
United States Bankruptcy Judge

cc:     Andrew Varra
Acting United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA   19107

William C. Miller
Chapter 13 Standing Trustee
P.O. Box 40119
Philadelphia, PA 19106-0119

Sherri Dicks, Esquire
Law Offices of Sherri R. Dicks, P.C.
Post Office Box 42251
Philadelphia, PA   19101

Brad J. Sadek, Esquire
Meghan Power, Esquire
Sadek and Cooper
1315 Walnut Street, Suite 502
Philadelphia, PA   19107

Anthony Birch
525 E. Armstrong Street
Philadelphia, PA   19144

Kia L. Ragland, a/k/a Kia L. Birch
1933 Church Lane
Philadelphia, PA   19141

Joan Ranieri, Courtroom Deputy